FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2017 APR 10 AM 11:40

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

MELISSA HUNT,

    Plaintiff,

CASE NO.: 6:17-cv-631-ORL-31-TBS

-VS-

SYNCHRONY BANK and
GENPACT LLC,

    Defendant.

_____/

## COMPLAINT

1. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA"), and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA").

## INTRODUCTION

2. The TCPA was enacted to prevent companies like SYNCHRONY BANK ("Synchrony") and GENPACT, LLC, ("Genpact") from invading American citizens' privacy and prevent abusive "robo-calls."

3. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." Mims v. Arrow Fin. Servs., LLC, –US–, 132 S.Ct. 740, 745, 181 L.Ed.2d 881 (2012).

4. "Senator Hollings, the TCPA's sponsor, described these calls as 'the *1256 scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone

1

out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osario v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

5. "No one can deny the legitimacy of the state's goal: Preventing the phone (at home or in one's pocket) from frequently ringing with unwanted calls. Every call uses some of the phone owner's time and mental energy, both of which are precious. Most members of the public want to limit calls, especially cellphone calls, to family and acquaintances, and to get their political information (not to mention their advertisements) [*6] in other ways." *Patriotic Veterans v. Zoeller*, No. 16-2059, 2017 U.S. App. LEXIS 47, at *5-6 (7th Cir. Jan 3, 2017).

6. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal.

## JURISDICTION AND VENUE

7. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

8. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See

*Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

9. The alleged violations described herein occurred in Volusia County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person, and citizen of the State of Florida, residing in Deland, Volusia County, Florida.

11. Plaintiff is an "alleged debtor."

12. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F.3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

13. Plaintiff is a "consumer" as defined in Florida Statute §559.55(8).

14. Defendant, SYNCHRONY, is a corporation and national association with its principal place of business located at 170 West Election Road, Draper, UT, 84020, and which conducts business in the State of Florida.

15. Defendant, SYNCHRONY, is a "creditor" as defined by Florida Statute 559.55(5).

16. Defendant, SYNCHRONY, consents of and has knowledge and control of the collection activities of their agents and representatives, including supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors; including, but not limited to Defendant, GENPACT.

17. Defendant, GENPACT, is a corporation with its principal place of business at 42 Old Ridgebury Road, 1st Floor, Danbury, CT 06810, and which conducts business in the State of Florida through its registered agent, National Corporate Research, Ltd., Inc., located at 115 North Calhoun St., Ste 4, Tallahassee, FL 32301.

18. Defendant, GENPACT, is a "debt collector" as defined by Florida Statute §559.55(6) and 15 U.S.C §1692(a)(6).

19. Defendants SYNCHRONY and GENPACT sought to collect a debt from Plaintiff that arose from a transaction incurred for personal, family or household purposes and therefore is a "consumer debt." as defined by Florida Statute §559.55(6), and 15 U.S.C. §1692(a)(4).

20. Plaintiff is the regular user and carrier of the cellular telephone number at issue, (386) *** - 0977, and was the called party and recipient of Defendants' SYNCHRONY and GENPACT's hereafter described calls.

21. Defendants SYNCHRONY and GENPACT intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

22. Upon information and belief, some or all of the calls that Defendant, SYNCHRONY, made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that she knew it was an autodialer because of the vast number of calls she received, and because she would hear a pre-recorded

message stating the call was from Synchrony bank, and to please hold the line for the next available representative.

23. Additionally, Defendant, SYNCHRONY, left numerous artificial and/or prerecorded messages when calling the Plaintiff's cellular phone.

24. Upon information and belief, some or all of the calls the Defendant, GENPACT, made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that she knew it was an autodialer because of the vast number of calls she received and because there was an extended pause before a live agent came on the line.

25. In or about September of 2016, Defendant SYNCHRONY initiated its campaign of automated phone calls to the Plaintiff on her aforementioned cellular telephone in an attempt to collect an alleged debt.

26. Upon receipt of the calls from SYNCHRONY, Plaintiff's caller ID identified that the calls were being initiated from, but not limited to, the following phone number: (877) 822-2014, and when that number is called, a pre-recorded message answers "this entire call will be recorded and monitored. Thank you for calling TJX Rewards credit card, para continuar en Español, presione cinco. Making a payment is free using your checking account in this automated system. Please say or enter your account or card number."

27. In or about November of 2016, Plaintiff received a call from the Defendant, SYNCHRONY, met with an automated message eventually was connected to a live

5

representative, and informed that agent/representative of Defendant that she was aware she owed money, and to mail her any future correspondence to the address on file, and demanded that the Defendant cease placing calls to her aforementioned cellular telephone number.

28.     During the aforementioned phone conversation in or about November of 2016 with Defendant, SYNCHRONY'S, agent/representative, Plaintiff unequivocally revoked any express consent Defendant, SYNCHRONY, may have had for placement of telephone calls to Plaintiff's aforementioned cellular telephone number by the use of an automatic telephone dialing system or a pre-recorded or artificial voice.

29.     Each subsequent call the Defendant, SYNCHRONY, made to the Plaintiff's aforementioned cellular telephone number was done so without the "express consent" of the Plaintiff.

30.     Each subsequent call the Defendant, SYNCHRONY, made to the Plaintiff's aforementioned cellular telephone number was knowing and willful.

31.     Furthermore, each call subsequently made by Defendant, GENPACT, made to the Plaintiff's cell phone was done so without the express consent of the Plaintiff.

32.     Additionally, on or about December 15, 2016, due to the continued automated calls to her aforementioned cellular telephone number from the Defendant, SYNCHRONY, Plaintiff again received a call from Defendant, met with an automated message, was eventually connected to a live agent/representative of Defendant, and demanded that Defendant cease placing calls to her aforementioned cellular telephone number.

33.     The Plaintiff's conversation with Defendant, SYNCHRONY, demanding an end to the harassment was ignored.

34. Despite actual knowledge of their wrongdoing, the Defendant, SYNCHRONY, continued the campaign of abuse, calling the Plaintiff despite not having her express consent to call his aforementioned cellular telephone number.

35. From about November 2016 through the filing of this Complaint, Defendant SYNCHRONY made approximately one-hundred (100) calls to Plaintiff's aforementioned cellular telephone number, or as will be established after a thorough review of Defendant SYNCHRONY's records.

36. Furthermore Defendant SYNCHRONY continued to leave voice messages using a pre-recorded or artificial voice message when calling the Plaintiff, despite acknowledging they did not have his express consent to do so.

37. Additionally, in or about November of 2016, Defendant GENPACT initiated its campaign of automated phone calls to the Plaintiff on her aforementioned cellular telephone in an attempt to collect an alleged debt. Upon receipt of the calls, Plaintiff's caller ID identified that the calls were being initiated from, but not limited to, the following phone number: (866) 259-9660.

38. From about November of 2016 through the filing of this Complaint, Defendant GENPACT made approximately two-hundred (200) calls to Plaintiff's aforementioned cellular telephone number. (Please see attached **Exhibit "A"** representing a non-exclusive call log of one-hundred seventeen (117) calls received from November 7, 2016 through January 4, 2017.)

39. On at least two (2) separate occasions, Plaintiff has either answered a call from Defendant, SYNCHRONY, or returned a call to Defendant, SYNCHRONY, regarding her account, held the line to be connected to a live representative, and demanded that Defendant,

7

SYNCHRONY, cease placing calls to her aforementioned cellular telephone number. Her principal reason for answering these calls and making these demands of SYNCHRONY was the cumulative injury and annoyance she suffered from the calls placed by Defendants, SYNCHRONY and GENPACT. These injuries are further described in paragraphs 41 through 47 herein.

40.     Defendants SYNCHRONY and GENPACT willfully or knowingly violated the TCPA with respect to the Plaintiff.

41.     From each and every call placed without express consent by Defendants SYNCHRONY and GENPACT to Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon her right of seclusion.

42.     From each and every call without express consent placed by Defendants SYNCHRONY and GENPACT to Plaintiff's cell phone, Plaintiff suffered the injury of the occupation of her cellular telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from Defendants call.

43.     From each and every call placed without express consent by Defendants SYNCHRONY and GENPACT to Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of her time. Plaintiff had to waste time to deal with missed call notifications and call logs that reflect the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

44.     Each and every call placed without express consent by Defendants SYNCHRONY and GENPACT to Plaintiff's cell phone was an injury in the form of a nuisance

and annoyance to the Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

45. Each and every call placed without express consent by Defendants SYNCHRONY and GENPACT to Plaintiff's cell phone resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

46. Each and every call placed without express consent by Defendants SYNCHRONY and GENPACT to Plaintiff's cell phone resulted in the injury of a trespass to Plaintiff's chattel, namely her cellular phone and her cellular phone services.

47. As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affect in a personal and individualized way by stress, embarrassment, and aggravation

48. Defendants' SYNCHRONY and GENPACT's corporate policy and procedures are structured as to continue to call individuals like the Plaintiff, despite these individuals revoking any consent the Defendant's SYNCHRONY and GENPACT may have believed they had.

49. Defendants' SYNCHRONY and GENPACT's corporate policy and procedures provided no means for the Plaintiff to have her aforementioned cellular number removed from the call list.

50. Defendants SYNCHRONY and GENPACT have a corporate policy of using an automatic telephone dialing system or a prerecorded or artificial voice message to collect debts from individuals such as Plaintiff for its financial benefit.

51. Defendant, SYNCHRONY, has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

52. Defendant, SYNCHRONY, has numerous complaints against it across the country asserting that its automatic telephone dialing system continues to call despite being requested to stop.

53. Defendants, SYNCHRONY and GENPACT willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
## SYNCHRONY BANK
### (Violation of the TCPA)

54. Plaintiff realleges and incorporates paragraphs one (1) through fifty-three (53) above as if fully set forth herein.

55. Defendant, SYNCHRONY, willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Plaintiff did not wish to receive any telephone communication from Defendant, and demanded for the calls to stop.

56. Defendant, SYNCHRONY, repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, SYNCHRONY BANK, for statutory damages, treble damages, punitive damages, actual damages and any other such relief the court may deem just and proper.

## COUNT II
## SYNCHRONY BANK
### (Violation of the FCCPA)

57. Plaintiff realleges and incorporates paragraphs one (1) through fifty-three (53) above as if fully set forth herein.

58. At all times relevant to this action Defendant, SYNCHRONY, is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

59. Defendant, SYNCHRONY, has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

60. Defendant, SYNCHRONY, has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of his/her or his family.

61. Defendant, SYNCHRONY's, actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, SYNCHRONY BANK, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT III
## GENPACT, LLC
### (Violation of the TCPA)

62. Plaintiff realleges and incorporates paragraphs one (1) through fifty-three (53) above as if fully set forth herein

63. Defendant, GENPACT, caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

64. Defendant, GENPACT, willfully and knowingly caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant GENPACT, LLC for statutory damages, punitive damages, actual damages, treble damages, costs, interest, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT IV
## GENPACT, LLC
### (Violation of the FCCPA)

65. Plaintiff realleges and incorporates paragraphs one (1) through fifty-three (53) above as if fully set forth herein.

66. At all times relevant to this action Defendant GENPACT is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

67. Defendant, GENPACT, has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

68. Defendant, GENPACT, has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

69. Defendant, GENPACT's, actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant GENPACT, LLC for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

### COUNT V
### GENPACT, LLC
**(Violation of the FDCPA)**

70. Plaintiff realleges and incorporates paragraphs one (1) through fifty-three (53) above as if fully set forth herein.

71. Defendant, GENPACT, has violated 15 U.S.C. §1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

72. Defendant, GENPACT, has violated 15 U.S.C. §1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

73. Defendant, GENPACT, has violated 15 U.S.C. §1692(e)(2)(a) by attempting to collect on a debt from the plaintiff which Plaintiff does not owe.

74. Defendant, GENPACT, has violated 15 U.S.C. §1692(f) by using unfair an unconscionable means to collect or attempt to collect any debt.

75. Defendant, GENPACT, has violated 15 U.S.C. §1692(g)(b) by failing to cease collection activity until debt collector obtains verification of the debt and such verification is mailed to the consumer by the debt collector.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant GENPACT, LLC for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper

Respectfully Submitted,

*s/Shaughn C. Hill*
Shaughn C. Hill, Esquire
Florida Bar No.: 105998
Morgan & Morgan, Tampa, P.A.
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Shill@ForThePeople.com
JSherwood@ForThePeople.com
Attorney for Plaintiff